IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

GARRETT SNOOK, SHARON M. SNOOK, GS OWL      §
CREEK INVESTMENTS LLC, GSTD PARTNERS,       §
GSTD INVESTORS, INC., ANDREW P. BARTON,     §
ANN BARTON, APB SANDERS INVESTMENTS         §
LLC, REEDS INVESTMENTS PARTNERS, REEDS      §
SANDERSON INVESTORS, INC., JOHN BERTSCH,    §
EILEEN BERTSCH, JRB REEDS INVESTMENTS       §
LLC, SANDERSON INVESTMENTS PARTNERS,        §
SANDERSON REEDS INVESTORS, INC., DAVID      §
PEASE, III, ELIZABETH D. PEASE, DP          §
ROOKWOOD INVESTMENTS LLC, JMP MADISON       §
INVESTMENTS LLC, DAVID H. PEASE, JR.,       §          CIVIL ACTION
DHP FIESTA INVESTMENTS LLC, ANTONIO P.      §          NO. H-05-2694
BAUCHSBAUM, RICHARD A. BUCHSBAUM, APB       §
BEECHTREE INVESTMENTS LLC, AB TWILIGHT      §
INVESTMENTS LLC, LEONARD W. CAVENS,         §
NANCY CAVENS, LC DEER PATH INVESTMENTS      §
LLC, CB INVESTMENT PARTNERS, FAIRFIELD      §
INVESTMENT PARTNERS, CB FAIRCHILD           §
INVESTORS INC., FAIRFIELD OHIO              §
INVESTORS INC., RICHARD W. MANN, DONNA      §
D. MANN, RWM HIGH MEADOWS INVESTMENTS       §
LLC, FNRM PARTNERS, and FNRM INVESTORS,     §
INC.,                                       §
                                            §
            Plaintiffs,                     §
                                            §
v.                                          §
                                            §
DEUTSCHE BANK AG, DEUTSCHE BANK             §
SECURITIES, INC. d/b/a DEUTSCHE BANK        §
ALEX BROWN, a division of DEUTSCHE BANK     §
SECURITIES, INC., DAVID PARSE, SIDLEY       §
AUSTIN BROWN & WOOD, LLP, R.J. RUBLE,       §
SCHEEF & STONE, LLP, and GRADY DICKENS,     §
                                            §
            Defendants.                     §

MEMORANDUM AND ORDER

     Pending is Plaintiffs' Motion to Remand (Document No. 17).

After having carefully reviewed the motion, response, reply,

supplemental reply, and the applicable law, the Court concludes
that the motion to remand should be GRANTED.

## I.   <u>Background</u>

This action was filed by numerous plaintiffs and their
affiliated investment entities in state court on June 17, 2005.
Plaintiffs are individuals and investment entities who, purportedly
in reliance on advice from Defendants Deutsche Bank AG ("Deutsche
Bank") Deutsche Bank Securities, Inc. d/b/a Deutsche Bank Alex
Brown, a division of Deutsche Bank Securities, Inc. ("DB Alex
Brown"), David Parse (collectively, the "Deutsche Defendants"),
Scheef & Stone, LLP, and Grady Dickens (collectively,
"Defendants"), participated in a tax-oriented investment strategy
involving foreign exchange digital options contracts (the
"Strategy").[1]  Plaintiffs contend that Defendants unlawfully and
fraudulently provided improper and incorrect tax and legal advice
and failed to disclose material information to them regarding the
legality of the Strategy, which induced Plaintiffs' participation
in the Strategy and which ultimately caused Plaintiffs to incur tax
liability to the IRS.  *See* Document No. 1 ex. 2.  Thus, Plaintiffs
assert against Defendants state law claims for (1) declaratory
judgment and unjust enrichment; (2) breach of contract and breach

---

[1] By Order entered October 25, 2005, Defendants Sidley Austin
Brown & Wood LLP and R.J. Ruble were voluntarily dismissed from the
case.

of good faith and fair dealing; (3) breach of fiduciary duty;
(4) fraud; (5) negligence; (6) negligent misrepresentation; (7)
breach of contract; (8) declaratory judgment; (9) unethical,
excessive, and illegal fees; and (10) civil conspiracy. Id.

The Deutsche Defendants removed the suit to this Court
pursuant to 28 U.S.C. § 1441, asserting that Plaintiffs' state law
claims raise a federal question under 28 U.S.C. § 1331. See
Document No. 1 ¶ 8. Specifically, the Deutsche Defendants contend
that "substantial disputed issues of federal tax law are necessary
elements of Plaintiffs' claims," that "[t]he success of Plaintiffs'
claims is dependent upon a determination that the Strategy violated
federal [tax] law" and "necessarily turn on the interpretation of
the federal tax code," and that federal subject matter jurisdiction
over the tax issues in the case is therefore mandated by the
Supreme Court's recent decision in Grable & Sons Metal Prods., Inc.
v. Darue Eng'g & Mfg., 125 S. Ct. 2363 (Jun. 13, 2005). Id. ¶¶ 8,
15. Plaintiffs move to remand the case, arguing that the Grable
decision does not apply to their claims because no substantial
issues of federal tax law are actually in dispute. See Document
No. 17.

## II.  Discussion

A state court action may be removed to federal court only if
the action could have been brought in federal court originally.

*See* 28 U.S.C. § 1441(a). When a plaintiff moves to remand for lack of jurisdiction, the burden of establishing federal jurisdiction rests upon the defendant. *See* <u>Winters v. Diamond Shamrock Chemical Co.</u>, 149 F.3d 387, 397 (5th Cir. 1998); <u>Carpenter v. Wichita Falls Indep. Sch. Dist.</u>, 44 F.3d 362, 365 (5th Cir. 1995). Because the removal statute is to be narrowly construed, any doubt as to the propriety of the removal is to be resolved in favor of remand. *See* <u>Bosky v. Kroger Tex., LP.</u>, 288 F.3d 208, 211 (5th Cir. 2002).

To determine whether a lawsuit involves a federal question, courts generally follow the well-pleaded complaint rule. <u>Terrebonne Homecare, Inc. v. SMA Health Plan, Inc.</u>, 271 F.3d 186, 188 (5th Cir. 2001). Under the well-pleaded complaint rule, the plaintiff is the master of his complaint. <u>Carpenter</u>, 44 F.3d at 366. Thus, "'federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint.'" <u>Terrebonne</u>, 271 F.3d at 188 (quoting <u>Caterpillar, Inc. v. Williams</u>, 107 S. Ct. 2425, 2429 (1987)). "If, on its face, the plaintiff's complaint raises no issue of federal law, federal question jurisdiction is lacking [and removal is improper]." <u>Hart v. Bayer Corp.</u>, 199 F.3d 239, 244 (5th Cir. 2000).

Federal question jurisdiction is normally invoked when the plaintiff pleads a cause of action created by federal law. However, the Supreme Court has recognized that "in certain cases federal question jurisdiction will lie over state-law claims that

4

implicate significant federal issues." <u>Grable</u>, 125 S. Ct. at 2367.
The mere presence of a federal issue "does not automatically confer
federal-question jurisdiction." <u>Merrell Dow Pharms. Inc. v.
Thompson</u>, 106 S. Ct. 3229, 3234 (1986). Rather, "[i]t has become
a constant refrain . . . that federal jurisdiction demands not only
a contested federal issue, but a substantial one, indicating a
serious federal interest in claiming the advantages thought to be
inherent in a federal forum." <u>Grable</u>, 125 S. Ct. at 2367. Thus,
in order to support federal question jurisdiction, the federal
issue effecting removal must necessarily raise an "actually
disputed and substantial" federal question. <u>Id.</u> Moreover, even if
a disputed and substantial federal issue is present, a court may
exercise federal question jurisdiction over state law claims only
if the claims are of a type that "a federal court may entertain
without disturbing any congressionally approved balance of federal
and state judicial responsibilities." <u>Id.</u> at 2368. In other
words, federal question jurisdiction exists when "a state-law claim
necessarily raise[s] a stated federal issue, actually disputed and
substantial, which a federal forum may entertain without disturbing
any congressionally approved balance of federal and state judicial
responsibilities." <u>Id.</u>

The Deutsche Defendants contend that the Supreme Court's
decision in <u>Grable</u> provides compelling authority supporting the
exercise of federal jurisdiction in this case because Plaintiff's

claims require interpretation of federal tax law.  In <u>Grable</u>, the Supreme Court held that there was federal question jurisdiction of a state law quiet title claim where the "only legal or factual issue contested in the case" was whether the IRS gave the plaintiff adequate notice, as that term is defined by federal tax law, of his property's foreclosure sale.  <u>Id.</u>  The Deutsche Defendants argue that like the quiet title cause of action in <u>Grable</u>, Plaintiff's claims require interpretation of federal tax law, <u>i.e.</u>, a determination as to whether the Strategy violated federal tax law, and they therefore meet the standard for jurisdiction set forth in <u>Grable</u>.

Plaintiffs disagree and argue that "while some of Plaintiffs' state-law claims involve Defendants' failures to apply (or in some cases even to disclose) I.R.S. Notice 1999-59, I.R.S. Notice 2000-44, and certain federal regulations and case law, there is no substantial dispute or controversy regarding the content or 'validity, construction or effect' of those notices, regulations or case law."  Document No. 19 at 4.[2]  Plaintiffs point out that "the IRS has already made its position on the [Strategy] clear, and the Plaintiff taxpayers have already been assessed and paid the IRS"; Plaintiffs are not contesting the IRS's determination.  <u>Id.</u> at 4-5; <i>see also</i> Document No. 26 at 2.  Thus, the issues in this case are

---

[2] Plaintiffs note that the IRS positions contained in these notices have since been enacted as IRS Regulations, giving them the authority of law.  <i>See</i> Document No. 26 at 2.

not whether Plaintiffs were entitled to the tax benefits they claimed--the IRS has already determined that they were not--but are instead "whether the Defendants are liable to the Plaintiffs--under fraud, negligence/malpractice, or other [state law] theories--for the loss of those tax benefits and the imposition of penalties" due to their "conduct in failing properly to advise the Plaintiffs about the implications and effect of I.R.S. Notice 1999-59 and I.R.S. Notice upon [the Strategy]." <u>Id.</u> at 5, 7.  In other words, "Plaintiffs' claims do not call into question the proper interpretation of federal tax law, but rather concern the reasonableness of Defendants' interpretation of federal tax law, i.e., whether Defendants knew or should have known that the Strategy was invalid under federal tax law." <u>Sheridan v. New Vista, LLC</u>, No. 1:05-CV-428, 2005 WL 2090898 at *4 (W.D. Mich. Aug. 30, 2005).

After carefully considering the <u>Grable</u> opinion, the Court finds that <u>Grable</u> is quite different.  In <u>Grable</u>, the meaning of the federal statute was the "*only legal or factual issue contested in the case*," *see* <u>Grable</u>, 125 S. Ct. at 2368 (emphasis added), whereas here the validity of the Strategy under federal tax law is "only one facet of" Plaintiffs' claims, *see* <u>Sheridan</u>, 2005 WL 2090898 at *4.  Furthermore, unlike the plaintiff in <u>Grable</u>, Plaintiffs do not call the tax law into question or challenge the Government's application of that law, but rather challenge, among

7

other things, Defendants' interpretation of the law and advice to Plaintiffs in that regard, and whether Defendants should have known the Strategy was invalid.   Moreover, in the wake of <u>Grable</u>, a number of district courts have been faced with issues similar to those presented in this case, and, with the exception of one, all have found removal to be improper.   *See, e.g.*, <u>Acker v. AIG Int'l, Inc.</u>, 398 F. Supp. 2d 1239 (S.D. Fla. Nov. 8, 2005); <u>Ling v. Deutsche Bank AG</u>, No. 4:05CV345, 2005 WL 3158040 (E.D. Tex. Nov. 28, 2005), *report and recommendation adopted by* 2005 WL 3602133 (E.D. Tex. Dec. 30, 2005); <u>RA Inv. I, LLC v. Smith & Frank Group Servs.</u>, No. 4:05CV363, 2005 WL 3299710 (E.D. Tex. Nov. 18, 2005); <u>Armitage v. Deutsche Bank AG</u>, No. C 05-3998 PJH, 2005 WL 3095909 (N.D. Cal. Nov. 14, 2005); <u>Cantwell v. Deutsche Bank Secs., Inc.</u>, No. Civ. A. 3:05CV1378-D, 2005 WL 2296049 (N.D. Tex. Sept. 21, 2005); <u>Maletis v. Perkins & Co., PC</u>, No. CV-05-820-ST, 2005 WL 3021254 (D. Or. Sept. 13, 2005); <u>Sheridan</u>, 2005 WL 2090898.   These cases are persuasive.   The Deutsche Defendants here have not carried their burden of establishing that Plaintiffs' claims "necessarily raise a federal issue, actually disputed and substantial."[3]

In addition, to assert federal question jurisdiction here would not be "consistent with congressional judgment about the

---

[3] The Court respectfully disagrees with and declines to follow the Western District of Arkansas's opinion in <u>Becnel v. KPMG LLP</u>, No. 05-6015, 2005 WL 2016246 (W.D. Ark. June 1, 2005).

sound division of labor between state and federal courts governing the application of § 1331." _Grable_, 125 S. Ct. at 2367. "[T]he implications of federal jurisdiction in this type of case [are] much broader than in _Grable_." _See_ _Linq_, 2005 WL 3158040 at *4; _accord_ _Sheridan_, 2005 WL 2090898, at *4. In _Grable_, the Supreme Court stated that "because it will be the rare state title case that raises a contested matter of federal law, federal jurisdiction to resolve genuine disagreement over federal tax title provisions will portend only a microscopic effect on the federal-state division of labor." _Grable_, 125 S. Ct. at 2368. Here, however, "[t]here is a potential for a shift in the division of labor among the state and federal courts if this Court were to deny Plaintiffs' motion" because this case is really "no different from hundreds of state malpractice, negligence and breach of fiduciary duty cases filed in state court each year." _Acker_, 398 F. Supp. 2d at 1243 n.2. Permitting the Deutsche Defendants to litigate this case in federal court would open the federal courts to garden variety malpractice, breach of duty, and similar state law claim in which the allegation is that the defendant gave fraudulent or negligent advice based on an unreasonable or otherwise faulty interpretation of federal law. _See_ _Sheridan_, 2005 WL 2090898, at *4 ("[T]here is nothing to distinguish this case from fairly routine state law malpractice claims against attorneys, accountants, or other professionals based upon an unreasonable interpretation of federal

tax or securities laws.  The potential for shifting the division of labor from state to federal courts is much greater in this case because if federal jurisdiction exists here, any malpractice, breach of fiduciary duty, or similar claim alleging an unreasonable interpretation of federal law, be it tax, securities, ERISA, etc. would invoke federal question jurisdiction.").  "The mere presence of a federal issue should not produce such a result."  Id.

Federal question jurisdiction has not been established in this case, and Plaintiffs' motion to remand must therefore be granted.

III.  Order

For the foregoing reasons, it is

ORDERED that Plaintiffs' Motion to Remand (Document No. 17) is GRANTED, and this case is REMANDED to the 189th Judicial District Court of Harris County, Texas pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

The Clerk will mail a certified copy of this Memorandum and Order to the Clerk of the 189th Judicial District Court of Harris County, Texas, as required by 28 U.S.C. § 1447, and shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 17th day of January, 2006.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE